UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MASSERAY SIBY,

                          Petitioner,

        v.

DREW BOSTOCK, *et al.*,

                          Respondents.

CASE NO. 2:26-cv-00993-GJL

ORDER ON PETITIONER'S
MOTION FOR A TEMPORARY
RESTRAINING ORDER

On March 24, 2026, Petitioner Masseray Siby filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he seeks release from confinement.[1] On March 25, 2026, Petitioner moved for a temporary restraining order ("TRO") and stay of removal, asking the Court to direct Respondents to: (1) immediately return Petitioner to the Western District of Washington; (2) prevent Petitioner's removal from the United States; and (3) prevent any subsequent transfer of Petitioner to another detention facility outside the Western District of Washington while these proceedings are pending. Dkt. 6.

---

[1] The parties have consented to proceed before a Magistrate Judge. *See* Dkt. 4.

ORDER ON PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER - 1

As detailed in Petitioner's habeas Petition and Motion for a TRO, Petitioner was previously detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, since June 2025. Dkt. 6 at 7; *see also* Dkt. 1 ¶ 1. Petitioner, a citizen of Mauritania, first entered the United States approximately twenty-two (22) years ago. Dkt. 1 ¶ 20. In 2005, Petitioner was placed in removal proceedings issued a final order of removal in 2008. Dkt. 1 ¶ 20; Dkt. 6 at 6. According to Petitioner, since receiving the final order of removal, neither he nor Respondents have been able to obtain travel documents from Mauritania for him since Mauritania apparently has no way to verify Petitioner's identity or Mauritanian citizenship. Dkt. 6 at 6. As a result, after his presumptive removal period elapsed on December 31, 2008, Petitioner was released under an Order of Supervision ("OSUP"), received work permission, and was directed to report for periodic check-ins with U.S. Immigration and Customs Enforcement ("ICE"). Dkt. 1 ¶¶ 20, 36. Thereafter, Petitioner regularly resided and worked in New York, and maintained no criminal history. *Id.* ¶ 21.

In the summer of 2025, ICE apprehended Petitioner at a routine ICE check-in in New York, and transported him to NWIPC. Dkt. 1 ¶ 21. Petitioner filed a habeas Petition on March 24, 2026, at 2:09 p.m. PST, requesting the Court declare Petitioner's ongoing prolonged detention to be in violation of his right to due process under the Fifth Amendment to the U.S. Constitution. Dkt. 1. As relief, Petitioner seeks immediate release from custody and other related relief. *Id.* at 11.

On March 25, 2026, at 3:31 p.m. PST, Petitioner filed the instant Motion for a TRO. Dkt. 6. In the Motion, Petitioner's counsel asserts they received notice earlier that day that ICE had placed Petitioner on a flight to Arizona on March 24, 2026, at 11:52 a.m. PST. *Id.* at 4. Before filing the Motion, counsel located Petitioner through ICE's online detainee locator at the Port

ORDER ON PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER - 2

Isabel Detention Center in Los Fresnos, Texas.[2] *Id*. at 7. Since the filing of the Motion, Petitioner's counsel has submitted an affidavit with the following further details. Dkt. 7.

According to Petitioner's counsel, when they notified Respondents of the filing of the habeas Petition on March 24, 2026, Respondents replied that ICE had placed Petitioner on a plane to Florence, Arizona, departing at 11:52 a.m. PST on March 24, 2026, with the intent to remove him to Mauritania within 48 hours. Dkt. 7 ¶ 2; Dkt. 7-1 at 4; *see also* Dkt. 10 ¶¶ 5, 9. In addition, Respondents took the position that this Court lacks jurisdiction over these proceedings because Petitioner was already out of the District by the time the habeas Petition was filed. *See* Dkt. 7-1 at 2. Petitioner's counsel requested evidence to support Respondents' claim that Petitioner was out of the District at the time of the filing of the habeas Petition, as well as confirmation that Respondents had obtained travel documents for Petitioner from Mauritania. *See* Dkt. 7 ¶¶ 2, 3; *see also* Dkt. 7-1 at 2–3. The affidavit contains no response from Respondents to counsel as to either inquiry. *See* Dkt. 7; *but see* Dkt. 10.

Today, March 26, 2026, Respondents have filed a Notice of intent to oppose the Motion for a TRO. Dkt. 9. In the Notice, Respondents request meaningful time to respond to the Motion for a TRO, but again contend that the Court lacks jurisdiction over this matter since Petitioner was not in the District at the time of the filing of the habeas Petition. *Id*. at 2. Further, Respondents assert they "are in the process of securing supporting documentation and declarations regarding the precise timing of the transfer[.]" *Id*. Finally, Respondents claim that the 48-hour timeline for responses to motions for TROs under Local Civil Rule 65 provides

---

[2] The Court takes judicial notice of ICE's online detainee locator and notes that, as of the filing of this Order, Petitioner is currently located at the Port Isabel Service Detention Center in Los Fresnos, Texas. *See* https://locator.ice.gov.odls/#/results (last visited Mar. 26, 2026). *See also* Dkt. 10 ¶ 8.

ORDER ON PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER - 3

sufficient opportunity for full consideration of the instant Motion because Petitioner is not scheduled for removal until March 29, 2026. *Id.*; *see also* LCR 65(b)(5).

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [ ] jurisdiction over the matter.").

Accordingly, the Court **ORDERS** as follows:

1.  Petitioner's Motion for a Temporary Restraining Order (Dkt. 6) is **PROVISIONALLY GRANTED** pending Respondents' response to the Motion (Dkt. 6). This grant is solely for the purpose of maintaining the status quo so that the Court shall review the jurisdictional issue and merits of the Motion, if necessary, after full briefing.

2.  Respondents **ARE PROHIBITED** from removing Petitioner from the United States or transferring him to any other detention facility during the pendency of these proceedings, without further order from this Court, unless such transfer is necessary for medical evaluation, medical treatment, or release.

3.  Petitioner's counsel **SHALL** immediately contact Respondents' counsel to provide a copy of this Order, if not already provided, and **MEET AND CONFER** on (1) a briefing schedule for the Motion for a TRO (Dkt. 6) and (2) whether the government will agree to a stipulated order to not remove Petitioner from the United States and to not transfer Petitioner to another facility during the pendency of this action.

ORDER ON PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER - 4

4.  If the Parties can agree on a briefing schedule, they **SHALL** file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Respondents **SHALL** respond to the Motion for a TRO (Dkt. 6) on the schedule set by Local Civil Rule 65 once service is accomplished.

5.  The Parties **SHALL** contact the courtroom deputy by email if they wish to schedule oral argument on the Motion for a TRO (Dkt. 6). The Court reserves its discretion to deny oral argument pursuant to Local Civil Rule 7(b)(4).

Dated this 26th day of March, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER ON PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER - 5