UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MASSERAY SIBY,

                       Petitioner,

      v.

JULIO HERNANDEZ, *et al.*,

                    Respondents.

CASE NO. 2:26-cv-00993-GJL

ORDER FOR SUPPLEMENTAL
RESPONSE

On March 26, 2026, the Court provisionally granted Petitioner Masseray Siby's Motion for a Temporary Restraining Order ("TRO") (Dkt. 6), thereby prohibiting Respondents from removing Petitioner from the United States or transferring him to any other detention facility during the pendency of these habeas proceedings. Dkt. 11; *see also* Dkt. 19 (Order lifting prior Orders solely to allow Respondents to transfer Petitioner back to the Western District of Washington). Respondents had been attempting to effectuate Petitioner's removal to Mauritania at a time after the filing of Petitioner's habeas Petition (Dkt. 1) and the Court's Scheduling Order which, in part, required Respondents to provide notice prior to any action to remove Petitioner from the United States (Dkt. 2). *See* Dkt. 6.

Petitioner filed an amended habeas Petition on March 30, 2026, seeking immediate release from immigration detention. Dkt. 15. In particular, Petitioner contends that because Respondents have not, to date, been able to obtain a Mauritanian passport or other travel

ORDER FOR SUPPLEMENTAL RESPONSE - 1

documents, his removal to Mauritania is not reasonably foreseeable and, therefore, his continued detention violates due process. *See id*. at 18–19.

Respondents filed a Response to the amended Petition with an accompanying Declaration of Robert Andron, a Deportation Officer. Dkts. 22, 23. In his Declaration, Officer Andron states that the Office of Enforcement and Removal Operations ("ERO") "intends to remove Petitioner to Mauritania and is currently in communication with Headquarters Removal and International Operations [("HQ RIO")] regarding the best method to do so." Dkt. 23 ¶ 24. Officer Andron also states that, at the time Petitioner was scheduled for removal to Mauritania in March 2026, he "would be accepted into Mauritania with a Form I-269 Certificate of Identity." Dkt. 23 ¶ 20. This is not information that was provided to the Court at the time of its Order provisionally granting Petitioner's Motion for a TRO.

Further, as Petitioner points out in his Traverse, Respondents have offered no explanation as to how a Form I-269, presumably a form generated by ICE, would enable Petitioner's removal from the United States *and* acceptance into Mauritania. *See* Dkt. 24 at 4. Additionally, in a Declaration submitted by Petitioner, he states that when he was put on a bus to the airport in March 2026 for removal from the United States, "ICE said that those of us who stayed on the bus didn't have the right documentation to be deported." Dkt. 25 ¶ 9. Petitioner remained on the bus. *Id*. ¶ 8.

One of the key questions in this matter is whether there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). The Court requires additional information to answer this question. Thus, the Court **ORDERS**:

ORDER FOR SUPPLEMENTAL RESPONSE - 2

(1)    On or before **June 12, 2026**, Respondents shall **FILE** a supplemental response, limited to ten (10) pages, addressing the following issues:

    a.    Whether the Mauritanian Government has agreed, or refused, to provide travel documents for Petitioner;

    b.    Whether the Mauritanian Government maintains that Petitioner is not a citizen of Mauritania;

    c.    What steps Respondents are taking to effectuate removal of Petitioner to Mauritania, including what efforts Respondents are making to secure travel documents; and

    d.    When, approximately, Respondents anticipate they will be able to effectuate Petitioner's removal, if ever.

(2)    On or before **June 12, 2026**, Respondents **SHALL PRODUCE** any documents including, but not limited to, a Mauritania travel document obtained for Petitioner and the Form I-269, documenting their efforts to effectuate the removal of Petitioner to Mauritania.

(3)    Petitioner may **FILE** an optional reply to the response, limited to five (5) pages, by **June 17, 2026**.

(4)    The Return (Dkt. 22) is hereby **RENOTED** for **June 18, 2026**.

Dated this 2nd day of June, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER FOR SUPPLEMENTAL RESPONSE - 3